UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 0:26-cv-60139-EA

**Gensel Alberto Cruz Mendez,**

    Petitioner,

v.

**Pamela Bondi,
Et al.,**

    Respondents.
_____/

## **ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED**

This cause comes before the Court on a sua sponte review of the record. The petitioner has filed a petition for the writ of habeas corpus, alleging that the petitioner has been detained because removal proceedings have been commenced against him and that this detainment is unlawful. *See generally* ECF No. 1.

Because the petitioner is challenging his detainment pursuant to the decision to commence removal proceedings against him, it appears that the Court lacks subject matter jurisdiction over his petition. *See* 8 U.S.C. § 1252(g) ("Except as provided in this section and *notwithstanding any other provision of law* (statutory or nonstatutory), *including section 2241 of title 28, United States Code, or any other habeas corpus provision*, . . . no other court shall have jurisdiction to hear *any cause or claim* by or on behalf of any alien *arising from the decision or action by the Attorney General* to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." (emphasis added)); *see also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) ("Securing an alien while awaiting a removal determination constitutes an action taken to

commence proceedings."); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016) (explaining that § 1252(g) deprives courts of subject matter jurisdiction to review "ICE's decision to take [an alien] into custody and to detain him during his removal proceedings" because "[t]hese [actions] . . . arise from ICE's decision to commence proceedings"); *Mbutha v. U.S. Immigr. & Customs Enf't*, --- F. Supp. 3d ----, No. 1:25-cv-23593-EA, 2025 WL 3550997, 2025 U.S. Dist. LEXIS 256562, at *2 (WL), at *5 (LEXIS) (S.D. Fla. Dec. 11, 2025) ("[D]etaining an alien undoubtedly '*arises*' from the Attorney General's 'decision or action' to commence proceedings against the alien, as those terms plainly indicate.").

Therefore, it is **ORDERED AND ADJUDGED**:

1. **On or by January 28, 2026**, the petitioner **SHALL SHOW CAUSE** why this petition should not be dismissed for lack of subject matter jurisdiction.

2. The respondents may file a response. Such response shall be due on or by **February 4, 2026**.

**ORDERED** in Chambers in West Palm Beach, Florida, this 22nd day of January 2026.

_____
ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:

**Andres F Amon**
The Law Office of Jan P. Weiss
1926 10th Ave North, Suite 400
Lake Worth, FL 33461
561-582-6401
Email: andresamonesq@gmail.com

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov